## T. L. WAUGH v. J. F. DABNEY.

### No. 781.

**1. Wrongful Garnishment—Damages.**

In an action for damages for wrongful garnishment, plaintiff is entitled to recover interest on the sum detained, and also exemplary damages if the writ was sued out for the purpose of harassing or oppressing him.

**2. Same—Jurisdiction—Exemplary Damages.**

In an action for wrongful garnishment, where the actual damages cannot exceed $3, and the petition asked for $500 as exemplary damages, it cannot be said, upon demurrer to the jurisdiction, and under the rule that exemplary damages should bear some reasonable proportion to the actual damages, that no judgment could be legally rendered in the case which would be within the jurisdiction of the County Court.

APPEAL from the County Court of Johnson. Tried below before the Hon. F. E. ADAMS.

*W. H. Bledsoe* and *L. B. Davis*, for appellant.

*Poindexter & Padelford*, for appellee.

JAMES, Chief Justice.—Suit for actual and exemplary damages for wrongfully suing out of garnishment. The court sustained demurrers to the petition, and on refusal to amend, rendered judgment in favor of defendant.

The petition alleged that plaintiff was a brakeman in the employ of the Gulf, Colorado & Santa Fe Railway Co., earning wages. That defendant J. F. Dabney had a judgment against him upon which a writ or writs of garnishment was sued out, and the same served upon his said employer. There were allegations to the effect that Dabney, when the garnishment was sued out, knew that plaintiff had nothing besides his monthly wages from said garnishee, and that the writ was sued out and prosecuted, and the money thereby detained from plaintiff for several months, all for the purpose of oppressing and harassing plaintiff.

We are of opinion that plaintiff was entitled to recover from the creditor as his actual damages for wrongful garnishment the interest on the sum detained; and if the writ was sued out with knowledge of the fact that the subject of the garnishment was exempt from such process, and with the purpose of harassing and oppressing the debtor, exemplary damages may also be recovered, as well as in cases of other seizure of property under like circumstances. The allegations of this petition stated such a case. Reed v. Samuels, 22 Texas, 114; Biering v. Bank, 69 Texas, 599.

The other items of actual damage alleged were not recoverable, and the demurrers in reference thereto were correctly sustained.

The suit was brought in the County Court for recovery of the actual damage, and for exemplary damages in the sum of five hundred dollars. The interest on the sum detained amounted to three dollars, as alleged, but in determining the jurisdiction of the court, the claim for exemplary damages is to be considered. We are not prepared to say, in applying the rule of law that such damages should bear some reasonable proportion to the actual damages, that no judgment could be legally rendered in this case which would be within the jurisdiction of the County Court.

Reversed and remanded.

*Reversed and remanded.*

Delivered January 8, 1896.