CONLEY, State Superintendent of Buildings and Grounds, v. TEXAS DIVISION OF UNITED DAUGHTERS OF THE CONFEDERACY.

(Court of Civil Appeals of Texas. Austin. July 5, 1913. Rehearing Denied Oct. 8, 1913. Writ of Error Denied by Supreme Court Dec. 17, 1913.)

1. STATES (§ 39*) — RESOLUTION OF LEGISLATURE.

In view of Const. art. 4, § 15, and article 3, §§ 34, 38, recognizing the right of the Legislature to express its will by resolution the Legislature could, by resolution, set apart a particular room in the state capitol for use of the Daughters of the Confederacy.

[Ed. Note.—For other cases, see States, Dec. Dig. § 39.*]

2. STATUTES (§ 2*)—"RESOLUTION"—"LAW."

The chief distinction between a resolution and a law is that a resolution is used whenever the Legislature wishes to merely express an opinion which is to have only a temporary effect, while a law is intended to permanently direct and control matters applying to persons or things in general.

[Ed. Note.—For other cases, see Statutes, Dec. Dig. § 2.*

For other definitions, see Words and Phrases, vol. 7, pp. 6173, 6174; vol. 5, pp. 4014–4023; vol. 8, p. 7701.]

3. STATES (§ 191*) — RIGHT TO SUE — ACTION AGAINST STATE OFFICIAL.

The state superintendent of public buildings and grounds could be restrained by injunction from interfering with the exercise of a right granted by a resolution of the Legislature; the action not being one against the state.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 179–184; Dec. Dig. § 191.*]

4. STATUTES (§ 229*) — LEGISLATIVE RESOLUTIONS—PERSONS AFFECTED.

The fact that after the Twenty-Eighth Legislature passed House Concurrent Resolution No. 18 (Acts 28th Leg. p. 250), permitting the Daughters of the Confederacy to occupy a certain room in the state capitol, that association incorporated for the purpose of being better able to provide a home for destitute and dependent old ladies of the Confederacy would not deprive them of the benefits and privileges of the resolution.

[Ed. Note.—For other cases, see Statutes, Dec. Dig. § 229.*]

5. STATES (§ 87*)—PUBLIC BUILDINGS—USE— SUPERINTENDENT OF PUBLIC BUILDINGS.

Notwithstanding that Rev. St. 1911, art. 6383, gives the superintendent of public buildings and grounds authority to take charge of all public buildings not used by the state officers, the question of whether the state has a present need for a room which the Daughters of the Confederacy were permitted to use until the state needed such room by House Concurrent Resolution No. 4, approved Feb. 25, 1889 (Acts 21st Leg. p. 173), is for the Legislature to determine, and not the superintendent of buildings and grounds.

[Ed. Note.—For other cases, see States, Dec. Dig. § 87.*]

6. STATES (§ 87*)—USE OF PUBLIC BUILDINGS —"PRIVATE PURPOSE."

In view of Const. art. 16, § 39, permitting the Legislature to make appropriations to perpetuate memorials of Texas history, and section 45, requiring it to preserve documents, etc., relating to Texas history, House Concurrent Resolution No. 18, passed by the Twenty-Eighth Legislature (Acts 28th Leg. p. 250), permitting the Daughters of the Confederacy to use a room in the state capitol for depositing the relics of the Confederacy, etc., was for a quasi public purpose, and not for a "private purpose," within Rev. St. 1911, art. 6389, providing that no room or office in said building shall be used for private purposes.

[Ed. Note.—For other cases, see States, Dec. Dig. § 87.*

For other definitions, see Words and Phrases, vol. 6, p. 5578.]

Appeal from District Court, Travis County; Chas. A. Wilcox, Judge.

Suit by the Texas Division of the United Daughters of the Confederacy against A. B. Conley, State Superintendent of Buildings and Grounds. From a decree for plaintiff, defendant appeals. Affirmed.

B. F. Looney, Atty. Gen., and C. M. Cureton, Asst. Atty. Gen., for appellant. Gregory, Batts & Brooks, of Austin, for appellee.

RICE, J. This suit was brought by appellees against appellant for an injunction to restrain him, and all other persons acting for or under his direction, from removing any of the relics or property in their charge from the northwest room of the first floor of the state capitol building, or from otherwise interfering with them in the use and possession of said room, alleging that appellant had informed them that he intended to take from them the use and possession thereof, and remove said relics therefrom. A temporary restraining order was issued by the court in accordance with the prayer of said petition, from which this appeal is prosecuted. Appellant alleges the invalidity of said restraining order, upon the ground that appellees had no lawful right to the possession and use of said room, insisting that it was needed for the State Fire Insurance Commission, recently provided for by the acts of the Thirty-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Third Legislature, and that there was no other adequate room in said building at his disposal for its accommodation.

Appellees insist that under and by virtue of House Concurrent Resolution No. 18, passed at the regular session of the Twenty-Eighth Legislature (see Acts of 1903, p. 250), they had the lawful right to the use and occupancy of said room as a museum for the deposit of relics and historical mementoes of the Confederacy, which said resolution is as follows:

"Daughters of the Confederacy—Setting Aside a Room for.

"House Concurrent Resolution.

"To set aside the northwest room of the first floor of the Capitol for the use of the Daughters of the Confederacy for the deposit of relics and historic mementoes of the Confederacy.

"Whereas, the 21st Legislature of this state by House Concurrent Resolution No. 4, approved February 25th, 1889, Session Acts, page 173, extended the thanks of the people of the state of Texas to Messrs. W. H. Westfall, S. W. Lacey and N. L. Norton for the 'princely donation of the beautiful granite of which this magnificent capitol is built';

"And whereas, it was therein resolved that 'a room in this capitol building * * * be set apart for the reception' of deposits to be made by said 'Westfall, Lacey and Norton of specimens of granite, marble and lithographic stone of different grades'; and

"Whereas, it was also therein resolved that 'in recognition of our appreciation of the donation thus made by W. H. Westfall, S. W. Lacey and N. L. Norton, they are hereby especially invited to visit and occupy said room when they visit the capitol during life or until the state shall need the room for other purposes'; and

"Whereas, said room has never yet been designated; and

"Whereas, the Daughters of the Confederacy are desirous of having a room in the capitol designated in which to place the relics of the Confederate and other wars in which the state took part; and

"Whereas, it is the wish of the said Col. N. L. Norton and his said associates that said room be designated, and that the Daughters of the Confederacy be permitted to place said relics in said room, and to care for, protect and exhibit the same: Now therefore,

"Be it resolved by the House of Representatives, the Senate concurring:

"Section 1. That the northwest room on the first floor of the capitol building formerly occupied by the purchasing agent of the state, be and the same is hereby set aside for the uses and purposes aforesaid, and that in addition to the deposits made and to be made under said original concurrent resolution, that the Daughters of the Confederacy of the State of Texas be and they are hereby authorized to take charge of said room and use the same conjointly with the said Westfall, Lacey and Norton, for all of the purposes aforesaid."

It is contended, however, on the part of appellant that this claim is not well founded for the reasons: First, that the Legislature had no authority, by means of such resolution, to grant said privilege to appellees; second, because in undertaking to place said State Fire Insurance Commission in said room, he was acting within his discretion as superintendent of public buildings and grounds, and therefore, not subject to the writ of injunction herein issued; third, because appellee in this case is a corporation, and is not the same body, association, or legal entity upon which the Legislature attempted to confer any right by virtue of said resolution; and, fourth, because the resolution under which appellees claim must be construed in connection with House Concurrent Resolution No. 4, therein referred to, and, when so construed, it is left to the superintendent of public buildings and grounds and the Governor to determine when the room in controversy shall be needed for other purposes; and, they having reached this conclusion, and there being no abuse of discretion on his part, said injunction should not have been issued.

Before undertaking to discuss the points raised and presented by this appeal, it may be well to state that, long prior to the passage of said resolution, the Daughters of the Confederacy, composed of the wives, widows, and daughters of Confederate soldiers, was a voluntary association for the purpose of perpetuating history and doing benevolent and monumental work, and on the passage of the resolution in question they immediately took charge of said room so set aside to them, furnishing the same, and depositing therein many relics and mementoes of the war of the Confederacy, consisting of guns, swords, battle flags, historical documents, uniforms, and other articles in use by Confederate generals and soldiers, valuable pictures and books including the Ordinances of Secession, and many other interesting relics relating to said war. This room, though usually closed, except during their meetings, was always accessible to the public who might desire to visit it, by application to the watchman in charge of the building. In order to erect a home for the benefit of the old ladies of the Confederacy, and take title thereto and convey the same to the state, it was deemed advisable, in 1905, for such association to obtain a charter, which was done, but this in no manner changed the purpose or object of the association, nor the character and holding of this room, nor has there been any change in the management of the Daughters of the Confederacy, nor in the persons comprising said order. Though it is claimed on the part of appellant that there was no other adequate

room equally as suitable as this within said building in which the State Fire Insurance Commission could be located, yet it was admitted by appellant that other rooms might be selected by him which could be used for this purpose. It is shown in this connection that appellant offered other apartments in said building for the use of appellees, but stated at the time of so doing that he could not assure them that they could hold same, because if he had use for the same, he would dispossess them at any time. It also appears from the evidence that the room in question had been furnished at considerable expense to appellees, and its formation was such that the carpeting would be practically useless if removed.

[1] Addressing ourselves to the first contention raised by appellant, we are of the opinion that the Legislature by resolution had the right to designate and set apart said room for the use of the Daughters of the Confederacy. While there is a marked distinction between a law and a resolution, yet our Constitution clearly recognizes the right of the Legislature to express its will by resolutions, and in the passage thereof the same rules, provisions, and limitations shall apply thereto, except as to the caption and enacting clause. See article 4, § 15, p. 343, Harris' Constitution of Texas; also article 3, § 38, p. 279, and article 3, § 34, p. 249, Id.; State v. Delesdenier, 7 Tex. 76; Navigation Co. v. Galveston County, 45 Tex. 272; Franklin v. Kesler, 25 Tex. 142.

[2] The chief distinction between a resolution and a law seems to be that the former is used whenever the legislative body passing it wishes to merely express an opinion as to some given matter or thing, and is only to have a temporary effect on such particular thing; while by the latter it is intended to permanently direct and control matters applying to persons or things in general. See 34 Cyc. p. 1667; 25 Cyc. p. 163. In support of this construction of the right of the Legislature to act in the present instance by a resolution, instead of by bill, numerous illustrations, occurring both before and after the adoption of the present Constitution, embracing various subjects, might be cited, among others a joint resolution authorizing clerks of the Legislature to occupy the state library for the performance of their duties (G. L. 1871, p. 148); joint resolution making appropriation for refurnishing and repairing the mansion (G. L. 1874, p. 237); joint resolution setting apart certain rooms in the state capitol for the use of the Senate and House of Representatives (G. L. 1874, p. 237); joint resolution providing for lighting the capitol and mansion with gas (G. L. 1875, p. 189); joint resolution providing for calling a convention for framing the present Constitution of Texas (G. L. 1875, p. 201); joint resolution providing for survey and sale of property belonging to the state about public buildings and grounds (G. L. 1876, p. 314);

joint resolution allowing room in the capitol for Western Union Telegraph Office (G. L. 1881, p. 125); joint resolution reaffirming relinquishment to Galveston of Pelican Flat and Island (G. L. 1879, p. 190); joint resolution acknowledging donation by Westfall and others, and setting apart room in the capitol (G. L. 1889, p. 73); joint resolution providing hearing room in the capitol building for the Railroad Commission (Acts of 1903, p. 251).

[3] We do not think there is any merit in appellant's second proposition, to the effect that no writ of injunction could be issued against him for the reason that he was acting as superintendent of public buildings and grounds. This is not a suit against the state, but only against one of its public officers, seeking to enjoin him from doing an act which would interfere with plaintiffs' right of possession and occupancy of said room; and, if his act is unlawful in this respect, he could be restrained by injunction. See Conley v. Daughters of the Republic (Sup.) 156 S. W. 197; 36 Cyc. 917.

[4] Nor do we believe that the mere act of incorporation for the purposes indicated under the facts of this case should be held to deprive the appellees of the right to use the room for the purposes indicated in said resolution. There was no change in the personnel or management, nor in the purposes and objects of the association, and it would be highly technical to hold that since they incorporated merely for the purpose of providing a home for destitute and dependent old ladies of the Confederacy, they should be deprived of the privileges and benefits thus accorded them.

[5] Even if it be conceded that said resolution should be construed in connection with Joint Resolution No. 4, still, we do not think it follows that appellant's contention should be sustained. The limitation of the use as made in the last resolution, to wit, until the state should need the room, does not indicate who shall determine this question. The Legislature, as the representative of the people, having the right to grant the use of the room to the Daughters of the Confederacy for the purposes named, must, we think, be held (in view of the fact that it did not say who should pass upon the question of the state's needing the room) to have reserved this right to itself. At least, not having vested this discretion in any other person, we are not prepared to hold with appellant that he had the right to determine the need of the state in this respect. Notwithstanding the fact that article 6383, R. S. 1911, gives the superintendent of public buildings and grounds the authority to take charge and control of all public buildings, grounds, and property of the state which may not be used by the different officers of the state government, still this must be construed, we think, in subordination to the right of the Legislature to designate and set apart rooms in said build-

ing for such purpose as it may see proper, and such designation cannot be set aside by any other authority.

[6] It is true, as asserted by appellant, that article 6389, R. S. 1911, provides that no room, apartment, or office in said building shall at any time be used by any person as a bedroom, or for any private purpose whatever, but we think that the purposes for which the room in question was set apart cannot be regarded, in the purview of this statute, as having been set apart for private purposes; but, on the contrary, the purpose was a quasi public one, as a museum for the display of specimens of granite and lithographic stone, and to preserve the relics and mementoes of the Civil and other wars in which the state took part. Especially are we impressed with this view, since the Constitution has provided in section 39, art. 16, that the Legislature may, from time to time, make appropriations for preserving and perpetuating memorials of the history of Texas, by means of monuments, statutes, paintings, and documents of historical value. And by section 45, art. 16, provided that: "It shall be the duty of the Legislature to provide for the collecting, arranging and safely keeping such records, rolls, correspondence and other documents, civil and military, relating to the history of Texas, as may be now in possession of parties willing to confide them to the care and preservation of the state"—thus indicating that the makers of said instrument deemed it important that the Legislature should have power to make appropriate provision for the collection and preservation of such relics and mementoes, as the evidence shows has been done in the present instance by the Daughters of the Confederacy.

Believing that the court below did not err in granting the injunction, its judgment is affirmed.

Affirmed.