## SOUTHEASTERN EXPRESS CO. *v.* THOMPSON.*

(Division B. May 11, 1925.  Suggestion of Error Overruled May 25, 1925.)

[104 So. 80.  No. 24942.]

1. DAMAGES. *Punitive damages, where justified, in discretion of jury.*
   Imposing punitive damages, where justified by the evidence, is in jury's discretion.

2. TRIAL. *Instructing that it will be jury's "duty" to assess punitive damages, error.*
   In view of jury's discretion, instruction that, under certain circumstances, it will be jury's "duty" to assess punitive damages, is erroneous.

3. APPEAL AND ERROR. *In close case, instruction that it is jury's duty to assess punitive damages, reversible.*
   In a case where proof is close as to whether punitive damages are recoverable, instructing that it is jury's "duty" to assess punitive damages, if they find willful negligence, is ground for reversal.

---

*Headnotes 1. Damages, 17 C. J., Section 268; 2. Damages, 17 C. J., Section 389; 3. Appeal and Error, 4 C. J., Section 3013.

APPEAL from circuit court of Clarke county.
HON. C. C. MILLER, Judge.

Action by A. M. Thompson against the Southeastern Express Company.  Judgment for plaintiff, and defendant appeals.  Reversed and remanded.

*S. H. Terrall* and *R. M. Bourdeaux,* for appellant.

We confidently submit that the facts of this case do not warrant the imposition of punitive damages at all. See *Y. & M. V. R. R. Co.* v. *Hardie,* 55 So. 967, and the numerous authorities therein cited.  We further confidently submit that the instruction for the plaintiff is obviously and patently erroneous in that it makes it the duty of the jury to award punitive damages.  The jury

is left no discretion in the matter whatsoever. It is made mandatory on them to award punitive damages. This is clearly fatal error. *R. R. Co.* v. *Burke,* 53 Miss. 200.

*H. F. Case,* for appellee.

THE FACTS OF THIS CASE ABUNDANTLY JUSTIFY THE IMPOSITION OF PUNITIVE DAMAGES. *Johnson* v. *Western Union Telegraph Co.,* 115 Miss. 884, 76 So. 738. In the case at bar the appellee charged in his declaration that the appellant through gross neglect and willful disregard of his rights and reckless violation of its duty refused and failed to deliver his package, and the jury has found the facts true as appellee alleged.

As to the proposition that the court committed fatal error in giving the instruction complained of, I desire to quote from case cited by appellant to-wit: *N. O., etc., R. R. Co.* v. *Burke,* 53 Miss. 200, at page 226.

The facts in the case at bar fully warranted the jury in their finding. The appellant requested and was given the following instruction, which fully secured to it the application of the rule of law therein stated and which was vigorously argued to the jury, to-wit: "Defendant's instruction No. 4. 'The court instructs the jury for the defendant that the plaintiff cannot recover anything in this case unless the jury believes from a preponderance of the testimony that the defendant wilfully refused, through malice, wantonness or oppression to deliver the compass.' "

The circuit judge committed no reversible error in this case in giving the instruction complained of which inadvertently advised the jury it was their duty to find for the plaintiff if the facts warranted punitive damages. The effect of this was cured by the defendant's instructions and the facts of this case warrant punitive damages under the express decision of this court.

Holden, P. J., delivered the opinion of the court.

This is an appeal from a judgment for one hundred dollars against the Southeastern Express Company as punitive damages awarded the appellee Thompson, for willful negligence in failing to notify appellee that the shipment of a compass from New Orleans, La., to Quitman, Miss., had arrived there for delivery to him.

No actual damages were claimed. We have examined the evidence in the record which tended to show that the negligence of the agent of the express company was willful, and, without setting out the testimony in detail, we think it is a very close question as to whether or not the facts justify the allowance of punitive damages. However, we have reached the conclusion that the evidence was sufficient to warrant the recovery of exemplary damages, and the judgment would be affirmed if it were not for an erroneous instruction granted the appellee, which is in the following form:

"The court instructs the jury for the plaintiff that if you believe from a preponderance of the evidence that the conduct of the employees, agents, or representatives in the matter of notifying plaintiff of the arrival of the shipment in question was such gross negligence as to amount to willfulness and wantonness and reckless, disregard of plaintiff's rights, and such conduct, if any there was, after notice of same, was ratified by the defendant, it will be your duty to find for the plaintiff in this case and assess the damages at such amount as will be reasonable punishment for such conduct, if any there was, on the part of the defendant's employees, agents, or representatives."

It will be observed the jury was told that "it will be your duty to find for the plaintiff in this case and assess the damages at such amount as will be reasonable punishment for such conduct."

The rule in this state is well settled that the imposition of punitive damages is a matter within the discretion of the jury. The jury may or may not award exemplary

damages where the evidence justifies such infliction. *N. O., etc., R. Co.* v. *Burke*, 53 Miss. 200, 24 Am. Rep. 689. The court in the case referred to seems to have indicated that where the proof is overwhelming in support of punitive damages, an instruction such as given in the instant case would not cause reversal; but the case before us is one where the proof is close as to whether or not punitime damages are recoverable. Therefore we think the lower court erred in granting the instruction complained of herein, and for the error the judgment is reversed and the case remanded.

*Reversed and remanded.*

ANDERSON, J., took no part in the decision of this case.