


420

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. L. Geren
County Attorney
Limestone County
Groesbeck, Texas

Dear Sir:

Opinion Number O-3697
Re: Legality of H. C. R. 231
in effectuating by reso-
lution its purpose of
placing into immediate
effect S. B. 221.

We acknowledge receipt of your opinion request of recent date and quote from your letter as follows:

"I desire your opinion upon H. C. R. No. 231, recently passed by both Houses of the Legislature. This resolution seeks to place into immediate effect Senate Bill No. 221, which bill authorizes the Commissioners Court of Limestone County to call a bond election.

"Will you please advise me your opinion as to the legality of H. C. R. 231 in effectuating by resolution its purpose of placing into immediate effect Senate Bill No. 221?"

Senate Bill No. 221, an Act authorizing the issuance of bonds by the Commissioners' Court of Limestone County, was passed by the Senate March 5, 1941, by the following vote: Yeas 30, Nays 0. This bill was passed by the House of Representatives March 12, 1941, by a viva voce vote and was filed in the office of the Secretary of State March 14, 1941. Said bill does not become effective until ninety days after the adjournment of the Legislature, even though it contains an emergency clause, because the House failed to pass said bill

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable L. L. Geren, page #2

by a recorded vote. Article 3, Section 39, Constitution of Texas; Popham v. Patterson, 51 S. W. (2d) 680.

H. C. R. No. 231, which proposes to put into immediate effect S. B. 221, was passed by the Senate on June 12, 1941, by the following vote: Yeas 123, Nays 0. This resolution was passed by the Senate on June 20, 1941, by the following vote: Yeas 26, Nays 0, and approved by the Governor of Texas July 23, 1941.

Article 3, Section 30 of the Constitution of Texas, provides that "No law shall be passed except by bill."

Article 3, Section 39 of the Constitution of Texas, reads as follows:

"No law passed by the Legislature, except the general appropriation act, shall take effect or go into force until ninety days after the adjournment of the session at which it was enacted, unless in case of an emergency, which emergency must be expressed in a preamble or in the body of the act, the Legislature shall, by a vote of two-thirds of all the members elected to each House, otherwise direct; said vote to be taken by yeas and nays, and entered upon the journals."

In 25 R. C. L. 761, we find the following language:

"The general rule is that a joint or concurrent resolution, adopted by the legislature, will not have the force or effect of a law where the constitution, under which the legislative body operates, requires the enactment of all laws to be in some prescribed form other than by resolution. Under a constitutional provision that no law shall be passed except by bill, a mere resolution is not a competent method of expressing the legislative will, if that expression is intended to have the force of law and bind others than the members of the House or Houses adopting it. The requirements of the Constitution are not met by that method of legislation.

Honorable L. L. Geren, page #3

> Nothing becomes law simply and solely because men who possess the legislative power will that it shall be, unless they express their determination to that effect in the mode appointed by the instrument which invests them with power, and under all the forms which that instrument has rendered essential."

Also see Southern Pac. Co. v. W. T. Meadows & Co., 129 S.W. 170, holding that the effective date of an Act which has been approved by the executive and has already taken effect cannot be postponed by a joint resolution. Reversed on other points, 140 S. W. 227, and Conley v. United Daughters of Confederacy, 164 S. W. 24, distinguishing a resolution from a law.

Based on the foregoing, it is the opinion of this department that H. C. R. 231 does not place into immediate effect S. B. 221. The requirements of the Constitution are not met by this method of legislation. The Act itself must be passed in the form which the Constitution has rendered essential - that is, by a two-thirds vote of all the members elected to each House, and said vote to be taken by yeas and nays.

Therefore, S. B. 221 does not become effective until ninety days after the adjournment of the Legislature.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Claud C. Boothman_
Claud C. Boothman
Assistant

COB-s

APPROVED AUG 14, 1941

_Acting_ ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
BY ___
CHAIRMAN