

# THE ATTORNEY GENERAL

## OF TEXAS

Grover Sellers                AUSTIN 11, TEXAS

~~XXXXXXXXXXXXXXXX~~ERD

ATTORNEY GENERAL

Honorable Bascom Giles, Commissioner
General Land Office
Austin, Texas

Dear Sir:                  Opinion No. O-6827
                        Re: H.C.R. 41, 49th Legislature
                        of Texas, does not confer au-
                        thority upon the Land Com-
                        missioner to sell the land
                        described therein.

      Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

      "I would appreciate your advise and opinion
regarding the effect of House Concurrent Resolution
No. 41 passed by the 49th Legislature. Please inform
me as to whether or not this Resolution has the
effect of law in conferring the authority upon me to
sell the land described therein."

      Said House Concurrent Resolution reads as follows:

                      "H.C.R. No. 41.

"HOUSE CONCURRENT RESOLUTION

      "WHEREAS, There is a tract of land located in
Waller County near Prairie View Normal and Industrial
College of approximately one hundred (100) acres,
which has never been used for any purpose by the State
of Texas; and

      "WHEREAS, Said one hundred (100) acres of land
have been within the enclosure of a private citizen
and have been in constant use for over twenty-five
(25) years; and

      "WHEREAS, The said land has never brought any
revenue whatsoever to the State of Texas; and

      "WHEREAS, the said land was given as a gift to
the Governor of the State of Texas when the site of

Prairie View Normal and Industrial College was purchased; and that said land does not adjoin the land used by Prairie View Normal and Industrial College; therefore, be it

"RESOLVED by the H<sub>o</sub>use of Representatives, the Senate concurring, That the Commissioner of the General Land Office is hereby authorized to advertise for sale and award to the highest bidder the said one hundred (100) acres of land in the Solomon Smith Survey in Waller County, Abstract 254, described as follows:

"Beginning in the center of road at a point South $89^o$ 43' West 6.84 varas and north $0^o$ 39' East 5.22 varas from an iron pipe set under fence corner near bend of county road, the Northwest corner of this tract; thence along center of road North $89^o$ 43' East 812.9 varas to the upper west line of the N. W. Bush survey; Thence south $10^o$ west 762.9 varas to an interior corner of the N. W. Bush survey and the upper southeast corner of the Solomon Smith Survey; thence west 688.86 varas along and with the boundary line of the N. W. Bush survey to a point in the center of North-South road; thence North $0^o$ 39' East along the center of said road 747.2 varas to the place of beginning, containing 100 acres; and, be it further

"RESOLVED, That all minerals be reserved for the use and benefit of the Permanent Public Free School Fund; and, be it further

"RESOLVED, That the consideration for this land shall be paid to the Commissioner of the General Land Office of the State of Texas for the benefit of the Permanent Public Free School Fund; that a patent to the said land shall be issued to the successful bidder by the Governor and the Commissioner of the General Land Office to the State of Texas. Upon the payment of said consideration and the issuance of said patent, the title of the successful bidder to said land shall become absolute, subject to the reservations herein made.

John Lee Smith                                    C. H. Gilmer

President of the Senate                           Speaker of the House

"I hereby certify that H.C.R. No. 41 was adopted by the House on April 12, 1945, and that the House

concurred in Senate amendment to H.C.R. No. 41
on May 22, 1945, by the following vote: Yeas 110,
Nays 0, and 2 present and not voting.

Clarence Jones

Chief Clerk of the House

"I hereby certify that H.C.R. No. 41 was
adopted by the Senate, as amended, on May 22, 1945,
by a viva voce vote.

Noel K. Brown

Secretary of the Senate

APPROVED: May 28, 1945
          Date

Coke R. Stevenson
    Governor

"FILED IN THE OFFICE OF THE SECRETARY OF
TEXAS, THIS 29TH DAY OF MAY, 1945, AT 9 O'CLOCK
AND 30 MINUTES A.M.
                    Claude Isbell
                    Secretary of State"

Article 3, Section 29 of our State Constitution
provides that the enacting clause of all laws shall be:
"Be it enacted by the Legislature of the State of Texas".

Section 35 of this Article provides that the
subject of a bill shall be expressed in its title.

Said H.C.R. No. 41, supra, contains no enacting
clause and does not express its subject in its title.

Said H.C.R. No. 41, supra, is not a bill. Section
30 of Article 3 of our State Constitution provides in part
as follows:

"No law shall be passed except by bill. . . ."

We call your attention to the case of the State
of Texas v. Delesdenier, 7 Tex. 76. The facts in this case
show that the Congress of the Republic of Texas passed a
joint resolution purporting to authorize the President to
sell islands owned by the Republic of Texas. Under the
resolution patents were issued on certain lands in Galveston
Island. The Supreme Court of Texas in 1851 held that the
purported patents were void and that the joint resolution

was not a law and was ineffective to authorize the sale of such land in Galveston Island.

The Supreme Court of Texas in the case of City of San Antonio v. Micklejohn, 33 S. W. 753, 89 Tex. 79, citing State v. Delesdenier, 7 Tex. 76, said:

"A resolution proper is not a law."

In Moshiem v. Rollins, 79 S.W. (2) 672, the court said:

"However, if we be mistaken in this conclusion, this resolution cannot be given the effect of a law. Our constitution (Article 3, Sec. 30) provides that 'no law shall be passed, except by bill . . . City of San Antonio vs. Micklejohn, 89 Tex. 79, 33 S.W. 735.

"This resolution contained the following paragraph: 'Resolved by the House of Representatives, the Senate concurring, that said corporations use the necessary care and diligence in keeping their right of ways clear of any grasses, weeds or other plants that tend to spread, to the end that the increased burdens incident to the enforcement of this Conservation Act shall not add unnecessary cost to the farmer in his efforts to protect and conserve the potential productivity of his soil.'

"This resolution cannot be regarded as a law prohibiting the highway department from planting or permitting Bermuda Grass to grow along the State highways."

In Conley v. Texas Division of United Daughters of the Confederacy, 164 S.W. 24, the Court said:

"The chief distinction between a resolution and a law seems to be that the former is used whenever the Legislative body passing it wishes to merely express an opinion as to some given matter or thing, and is only to have a temporary effect on such particular thing; while by the latter it is intended to permanently direct and control matters applying to persons or things in general. See 34 Cyc. p. 1667; 25 Cyc. p. 163."

Also, see Humble Oil & Refining Co. v. State, 104 S.W. (2) 174.

You are respectfully advised that in view of the above authorities, it is the opinion of this department

that House Concurrent Resolution No. 41 of the 49th
Legislature of Texas is ineffective and does not authorize
the Land Commissioner of Texas to sell the land described
in the Resolution.  For the Commissioner to be so authorized
an Act of the Legislature would be required and a mere
resolution is wholly insufficient.

                         Very truly yours,

                    ATTORNEY GENERAL OF TEXAS

                    s/ Wm. J. Fanning

                    By   Wm. J. Fanning
                              Assistant

WJF:BT-cg

Approved Sep. 26, 1945
s/ Carlos C. Ashley
First Assistant Attorney General


Approved opinion committee
By BWB, Chairman