243 So.2d 403 (1971)
FRIENDLY FINANCE COMPANY OF BILOXI, INC.
v.
Dennis L. MALLETT.
No. 46029.
Supreme Court of Mississippi.
January 25, 1971.
*404 Louis Hengen, Biloxi, for appellant.
Thomas L. Wallace, John M. Sekul, Biloxi, for appellee.
RODGERS, Justice:
This is an appeal from a final judgment of the Circuit Court of Harrison County, Mississippi, in favor of Dennis L. Mallett affirming a judgment on appeal from the County Court of the Second Judicial District in the sum of $2,000 actual damages and $7,500 punitive damages. On motion of defendant the county court ordered a new trial conditioned upon plaintiff's agreement to enter a remittitur for the sum of $3,500. The plaintiff, Dennis L. Mallett, appealed from this order without entering a remittitur. The defendant, Friendly Finance Company of Biloxi, Inc., cross-appealed. When the circuit court affirmed the order of the county court, it also required a remittitur in the sum of $3,500. This time the plaintiff entered the remittitur in compliance with the order of the circuit court. The defendant, Friendly Finance Company of Biloxi, Inc., appealed to this Court and the plaintiff, Dennis L. Mallett, cross-appealed.
While the testimony is very contradictory, and the tendency of the attorneys is to retry this case based upon isolated statements made by witnesses whom they are inclined to believe, we must, however, give credence to evidence most favorable to the finding of the jury, and from that standpoint the record tends to establish the following facts.
Elmer R. Mallette and Clara Mallette obtained a loan from Friendly Finance Company of Biloxi, Inc., in the sum of $528. They gave the Finance Company a promissory note for that sum dated April 15, 1964. They, or one of them, wrote the names of Dennis L. Mallett, James A. Fleming and Russell Mallette on the note, with their addresses. They claim that these names were added as references. Elmer and Clara Mallette paid $110 on the note and defaulted. A suit was instituted against Dennis L. Mallett to recover the sum of $501.60 on the note, including a reasonable attorney's fee.
Summons was served upon Dennis L. Mallett as defendant. When he received the summons, near Christmas of 1967, he had his daughter, Mrs. Carolyn Seymour, call Friendly Finance and advise them that Dennis L. Mallett had not signed a note to them. Mr. Dennis L. Mallett then employed an attorney who contacted the attorney who filed the suit for Friendly Finance Company and advised him that Mr. Dennis L. Mallett had not signed the note. In the meantime, however, Mr. Elmer Mallette had also employed an attorney, who also got in touch with Friendly Finance's attorney, and agreed to pay the note of $501.60. The attorney for Friendly Finance advised the attorney for Mr. Dennis L. Mallett that he had received a payment on the note and said, "I suggest that you do not file any further pleadings at the present time." Nevertheless, thereafter, on June 21, 1968, the Finance Company took a default judgment against Dennis L. Mallett in the sum of $501.60 without advising the appellant or his attorney that it intended to proceed in the suit *405 against appellee. Garnishment was duly issued to Ingalls Shipbuilding Corporation and the wages of Dennis L. Mallett were withheld until he had paid the full amount of the judgment and cost.
In the meantime, however, Elmer R. Mallette had paid $400 on the note at the time the default judgment was taken on June 21, 1968, in compliance with his agreement. He later paid the balance on the note of $501.60.
The Friendly Finance Company, however, was not giving Dennis L. Mallett credit as the payments were made on the note for which suit had been brought. It applied these payments to a past-due note the Friendly Finance Company had purchased from another separate corporation called the Friendly Appliance Corporation. This note had been given by Elmer R. Mallette and his wife for the purchase of an air conditioner. Elmer Mallette contended that the Friendly Finance Corporation had taken the air conditioner to repair it and had not returned it and, for that reason, he had not made all the payments on the air conditioner. He said he knew nothing about a suit filed against him for this air conditioner.
Under this statement of facts the jury had a right to believe that the Friendly Finance Company tied up the salary of the plaintiff and took payment out of his check when it knew that he had not signed the note sued on, and the appellee was prevented from showing this fact to the court by reason of the letter from the attorney for Friendly Finance Company advising his attorney not to file any pleading in the case.
The appellant, Friendly Finance Company, contends that the plaintiff in this cause of action, Dennis L. Mallett, did not prove fraud by clear and convincing evidence, and, for that reason, the Finance Company was entitled to a directed verdict. It is true that appellee, Dennis L. Mallett, charged in his declaration that the "defendant purposely and with the intent to defraud the plaintiff induced the borrowers to place the plaintiff's name on the note for the sole purpose of fraudulently obtaining money from the plaintiff." However, the declaration also charges as a fact that the defendant, Friendly Finance Company, actually obtained $458.60 of the money belonging to the plaintiff knowing that he did not owe them since he had not signed the note sued on and "because of the wrongful, willful, fraudulent and malicious acts of the defendant (previously detailed) he had suffered damages to his credit and to his reputation with his employer. * * *"
The appellant has cited several cases from this Court and other authorities in which this Court and other courts agree that in order to recover damages based upon fraud the evidence must establish fraud by clear and convincing proof. See Aponaug Manufacturing Co. v. Collins, 207 Miss. 460, 42 So.2d 431 (1949).
Although under the facts alleged and testified about in the record in this case we do not believe that it is necessary to prove that money or property was fraudulently obtained in view of the detailed statement in the declaration and the proof as to the abuse of the use of the process of garnishment, nevertheless, if such proof of fraud were required under the pleading, we are of the opinion that fraud was clearly shown. Fraud is seldom susceptible of proof by direct evidence. Circumstances surrounding the transaction often speak louder than words. The jury had the right to believe from the testimony in this case that the Finance Company, in an effort to collect money due by a third party, deliberately seized the plaintiff's salary by a writ of garnishment at a time when the agents of the Finance Company knew that he was not liable to it. The Finance Company, through its agents, also knew that the party who was liable on the note for which suit was instituted had paid most of the judgment. The motion for a directed verdict and the motion for a judgment notwithstanding the verdict on this *406 ground were properly overruled by the court.
It is next argued that there was no final judgment in the county court because the county court ordered a new trial, after judgment, on all issues conditioned upon an agreement of the plaintiff to enter a remittitur. It is said, therefore, that since no remittitur was entered, the order for a new trial in the county court was the only order from which an appeal could be taken and such an appeal was not available from an order requiring a new trial or a remittitur.
We cannot agree with this contention of appellant, Friendly Finance Company, because the order of the county court expressly states that the "jury verdict is excessive and should be reduced" or "in the alternative a new trial granted to the defendant on all issues." Section 1536 Mississippi Code 1942 Annotated (1956) expressly provides "that when the sole ground for a new trial is the excessiveness or inadequacy of damages assessed, the party aggrieved may elect to appeal from the order granting a new trial." We hold that the plaintiff, Dennis L. Mallett, properly appealed to the circuit court.
There are several issues raised by the appellant based upon conduct of counsel and prejudice and bias of the jury, none of which in our opinion constitutes a reversible error. There is, however, one assignment of error that merits discussion. It is contended by the appellant finance company that it was the duty of the trial court to reduce the damages, that "the plaintiff (did not) prove any damages, except possible nominal damages." However, the record reflects, and the appellant admits, that it received $460.60 of plaintiff's money and caused the plaintiff to pay court cost in the sum of $43.50 by what the jury considered to be a wrongful garnishment. The notice of garnishment given the plaintiff, Dennis L. Mallett, reflected that the plaintiff's employer had a rule requiring the discharge of employees because of the service of three garnishment writs served upon it so that all garnishments on employee's salary endangered the employee's right of employment. Moreover, it was shown that the plaintiff was embarrassed in his credit reputation with his friends and fellow employees and that he was worried because of the loss of money he needed. This is obviously not a case where the trial court should have restricted the verdict of the jury to nominal damages. The county and circuit courts both reduced the amount of the verdict of the jury in the sum of $3,500. The appellee accepted this reduction and entered his remittitur agreement in the circuit court.
The appellee, however, cross-appealed from the order of the circuit court and on appeal now contends that the court should not have reduced the verdict of the jury because it is argued that exemplary damages is solely a question for the jury and not for the judge. It is apparent, however, that the trial courts reduced the verdict of the jury as to punitive damages in this case since the jury allowed only $2,000 actual damages and the trial judges of the county and circuit courts reduced the verdict $3,500.
We said in Yazoo & M.V.R. Co. v. Williams, 87 Miss. 344, 39 So. 489 (1905):
* * * It is the firmly established doctrine in this state that punitory or exemplary damages are always properly allowed where the trespass complained of or the breach of duty committed was malicious, wanton, willful, or capricious. [Cumberland] Telephone [& Telegraph] Co. v. Cassedy, 78 Miss. 670, 29 South. 762. It is also well settled in this state that punitory damages are not awarded solely out of regard for the individual injured, but chiefly on account of a desire to protect the public and deter the repetition of such actions. Wagner v. Gibbs, 80 Miss. 63, 31 So. 434, 92 Am.St.Rep. 598; [Yazoo & M.V.] Railroad Co. v. Mattingly (Miss.) 37 So. [708] 710. It is the long *407 settled and uniformly adhered to rule in our jurisprudence that the amount of such punitory or exemplary damages is solely within the discretion of the jury, and, no matter what the sum of their finding might be, interference therewith, unless for exceptional causes, is discouraged. (New Orleans, J. & G.N.R. Co. v. Hurst, 36 Miss. 660, 74 Am.Dec. 785); the reason being that, as the jury are the sole judges of the amount which ought properly to be assessed in order to inflict adequate punishment, the courts should scrupulously avoid any undue interference with their prerogative. This is the rule elsewhere, and is accepted as the sound principle by the most noted text writers. * * * (87 Miss. at 355, 356, 39 So. at 491)
It appears that the rule that where the case is one in which punitive damages may be awarded, a verdict for an amount larger than would be proper as compensatory damages will not be set aside as excessive unless so great as to indicate passion, corruption or prejudice on the part of the jury. (See 17 C.J. Damages § 401 [1919])
It is also a general rule that exemplary or punitive damages are awarded as punishment of the offending defendant where the acts of the offender are such as to impart insult, fraud or oppression so as to indicate a spirit of wanton disregard for the rights of others. Southeastern Express Co. v. Thompson, 139 Miss. 344, 104 So. 80 (1925).
Exemplary damages are not awarded as a windfall for the plaintiff, but such damages are awarded as "smart money" added to the actual damages due to the injured plaintiff so as to condemn the defendant for his acts done in utter disregard for the rights of others. Fowler Butane Gas Company v. Varner, 244 Miss. 130, 141 So.2d 226 (1962).
Moreover, punitive damages can only be allowed by a jury or a judge sitting as judge and jury. Ellis v. S. Pellegrini, Inc., 163 Miss. 385, 141 So. 273 (1932).
It has been held in other jurisdictions that exemplary damages are recoverable for the wrongful and malicious garnishment of an employee's salary. Whelan v. Miller, 49 Pa.Super. 91 (1911); Pegues Mercantile Co. v. Brown (Tex.Civ.App.), 145 S.W. 280 (1912); Waugh v. Dabney, 12 Tex.Civ.App. 290, 33 S.W. 753 (1896).
In the case of Wilkerson v. Randall, 254 Miss. 546, 180 So.2d 303 (1965), we cited Wells Co. v. Lane, 22 Ala.App. 269, 115 So. 74 (1927), wherein that court said that if the garnishment were vexatious, a different rule would apply, meaning from a recovery of compensatory damages. We then said "In that case exemplary damages may be recovered."
We are of the opinion that punitive damages were properly awarded under the facts shown in this case, but since the appellee agreed by his remittitur filed in the circuit court to reduce the amount of the judgment to $6,000 we are of the opinion that the appellee is bound by his remittitur. The judgment entered in the circuit court awarding the appellee, Dennis L. Mallett, the sum of $6,000 against Friendly Finance Company of Biloxi, Inc., is therefore affirmed on direct and cross-appeals.
Affirmed.
ETHRIDGE, C.J., and JONES, BRADY and SMITH, JJ., concur.