

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 12, 1971

Honorable George W. McNiel
State Auditor
Sam Houston State Office Bldg.
Austin, Texas 78711

Opinion No. M-858

Re: Whether trust funds
collected under Article
5438d., V.C.S., may be
expended for maintenance
of all State property
within the purview of
said statute, or must
such funds be spent only
on that part of such
property which earned
same?

Dear Sir:

Your request for an official opinion of this office is
quoted as follows:

> "The Treasurer General of the Daughters of the Republic
> of Texas, Custodians of the Alamo, the French Legation,
> and the DRT Museum joins me in requesting your opinion
> as to whether the provisions of Article 5438d, of
> Vernon's Annotated Civil Statutes, and the trust
> character of the funds authorized to be collected
> thereunder require a strict location by location
> earmarking of the admission receipts and concession
> profits which are dedicated to the maintenance and
> repair of the State property and furnishings under
> the custody and control of the Daughters of the
> Republic of Texas, or whether the collective revenue
> earned from these properties may be used for their
> collective support without reference to any particular
> earning property.
>
> We are advised that these monies are accounted for
> separately at the present time; that certain of the
> properties are not self sufficient; that their
> maintenance and operations are being supplemented
> from unrelated dues income of the organization; and

that they would benefit greatly if sufficient authority now exists for the transfer of earnings between the properties."

Article 5438d., Vernon's Civil Statutes, reads as follows:

"The Daughters of the Confederacy, Texas Division, and the Daughters of the Republic of Texas, are hereby authorized to charge admission fees to the general public to visit State property under their custody and control except the Alamo, and such organizations are authorized to maintain and operate in any manner they deem appropriate concessions in State property under their custody and control. All money received from the admission charged and all profit obtained from the operation of concessions shall be held in trust by such organizations to be expended for the purpose of maintenance and repair of State property and furnishings under the custody and control of such organizations. The admission fee to be charged the public shall be in the amount determined by such organizations as in their discretion they deem best for the interest of the State and the public. The operation of concessions shall be under the control of such organizations and they are authorized to operate such concessions themselves or to enter into necessary contracts with any other person, firm or corporation for the operation of concessions in any manner they deem necessary for the best interest of the State and public." (Emphasis added)

The above statute expressly creates a special trust fund of the money received as admission fees from the general public visiting such State property, and of all profits obtained from the operation of such concessions, to be expended by such authorized organizations for maintenance and repair of the State property in the custody and control of such organizations. No constitutional "special fund" is here involved. Gulf Insurance Co. v. James 143 Tex. 424, 185 S.W.2d 966 (1945). The trust fund is entirely a creature of the statute and the only limitation placed upon its use by such organizations is that it be expended for the maintenance and repair of the State's own property that such organizations hold in trust for the State. Thus, the fund is expendable only for a public purpose. The general right of the State to apply its property to such purpose

was declared by the Supreme Court of Texas in 1913 in the case of Conley v. Daughters of Republic 106 Tex. 80, 156 S.W. 197 (1913). Later in the same year the Austin Court of Civil Appeals announced the same principle of law in Conley v. United Daughters of Confederacy, 164 S.W. 24, (Tex.Civ.App. 1913. error ref.) and again in 1941 in the case of King v. Sheppard, 157 S.W.2d 682 (Tex.Civ.App. 1941, error ref. w.o.m.).

The statute does not apportion any part of such fund to any particular property involved - it unequivocally appropriates all such fees and income to all such propertys' maintenance purposes, regardless of the proportion of such fees and income attributable to any particular site by reason of visitors thereto or concessions operated therein. All or any part of this fund may be used for the maintenance and repair of all or any of such properties, as deemed necessary for the best interest of the State and public by the organizations so authorized by statute.

## S U M M A R Y

The money collected as admission fees and concession profits by reason of visitors to all or any part of certain State properties, as authorized by Article 5438d., V.C.S., may be expended for the maintenance and repair of all, or any of such properties regardless of the proportion of such earnings that may be attributable to any particular property, as the organizations having same in their custody and control deem necessary for the best interest of the State and public.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by R. L. Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Marietta Payne
Sally Phillips
Jim Swearingen
Mike Stork

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant