PROVIDENT LIFE & ACCIDENT INS. CO. *v.* JEMISON.*

(Division B. Jan. 21, 1929.)

[120 So. 180. No. 27524.]

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 3224, p. 1187, n. 88; Time, 38Cyc, p. 315, n. 47; Witnesses, 40 Cyc, p. 2387, n. 72.

*T. J. Wills,* for appellant.

*Haralson & Hall,* for appellee.

ETHRIDGE, P. J. This cause is appealed from the circuit court of Forrest county from a judgment for three hundred and sixty dollars in favor of Jemison against the appellant upon a policy of accident and sick benefit insurance. Paragraph 8, section (a), of the policy provides:

"The company will pay monthly sickness indemnity. for the period not exceeding one year during which the insured shall be wholly and continuously disabled and prevented from performing any and every duty pertaining to any business or occupation by reason of sickness, and if such disability shall continue for more than one year, the company thereafter will pay one-fourth of said

monthly sickness indemnity for so long as it shall continue; but no indemnity shall be payable under this part for any period during which the insured is not regularly treated by a licensed physician."

By another clause of the policy it is provided:

"This policy, except part VIII, takes effect at twelve o'clock noon of the date hereof, standard time, at the insured's residence, if the insured is in sound health and free from injury at that time, and part VIII takes effect fifteen days thereafter, in accordance with paragraph (2) of the insuring clause, if all premium due meanwhile has been paid as agreed. If not written on the monthly payment plan, the whole policy expires one year from its date, if not renewed or terminated sooner in accordance with its terms; if written on the monthly premium payment plan the whole policy shall be in force so long as the premiums are paid under the terms of the pay order therefor, unless cancelled by the insured or the company at the expiration of the policy year in accordance with the terms of said pay order."

The policy was dated on the 18th day of June, 1927, and on the 3d day of July, 1927, the appellant developed an illness in the nature of rheumatism, which he first felt about nine o'clock a. m. on that date. This rheumatism being quite painful, he went to a doctor in the afternoon of that day, and was examined and found unable to work at his occupation. He filled out his report to the company on said date, which was mailed about a week thereafter. After such date he was unable to follow his occupation, which was that of a railroad man, and was constantly treated by a physician. He first went to the physician of the railroad company, who pronounced his trouble gonorrheal rheumatism, and treated him for that; but, as this ailment is not one that the railroad company's physician treats at the company's expense, he later went to another physician, and also went to a dentist. When he went to the dentist for an examination, the latter pronounced his

trouble due to pyorrhea, and extracted his teeth, and advised him to go to Hot Springs for further treatment. He also went to another medical doctor, who examined him, and pronounced his ailment pyorrheal rheumatism, and testified, as did the dentist, that his ailment was due to infection from pyorrhea, rather than gonorrhea.

The first doctor who treated him was offered as a witness by the defendant, and his testimony was excluded by the court, on the ground that it was a privileged communication; but the doctor testified, in the absence of the jury, that on the 3d day of July, 1927, he examined the plaintiff, whom he found to be infected with gonorrhea, and that it would take at least three days after infection with that disease before the rheumatism would develop.

The plaintiff testified that, when the doctor told him it was gonorrheal rheumatism, he thought that was the trouble, as in years past he had been infected with that disease, but that he did not have it at that time. The doctor testified that he did have it at that time; that he made an examination of him, and found him to be so infected. It appears, without dispute, that from the 3d day of July, 1927, the plaintiff was not able to follow his occupation, but was treated for his trouble until the filing of the suit; that he had one finger that was stiff from the trouble, and did not yield to the treatment.

The principal ground relied upon for reversal is that the defendant should have had a peremptory instruction, because the disease which caused the rheumatism was contracted prior to the expiration of fifteen days from the date of the policy. In the absence of a statute or a specific contract to the contrary, the law does not know or take cognizance of the fraction of a day. Consequently the date of the policy is counted as part of the fifteen days, and the fifteen days would expire before July 3d.

It is contended that, as the testimony showed either pyorrheal or gonorrheal rheumatism, either of which would require some time to become active after infection,

the defendant was necessarily entitled to a peremptory instruction, because at least three days would be required in case of gonorrhea for the rheumatism to develop, and that the disease from which it developed was necessarily in the system of the plaintiff for at least that length of time, and that the testimony showed that a person might have pyorrhea a long time before it would develop a case of rheumatism.

The court charged the jury, for the plaintiff, that by the begining of the disability of the plaintiff is meant the time when the disease first became manifest or active, and did not mean the time when the medical cause of the disease may have originated or begun. It is urged that this instruction is erroneous, and the proof shows that his system was infected with disease before July 3d, although the disease became active or manifest only on that date. We think the instruction is a correct pronouncement of the law, and that the court was not in error in giving this instruction.

It is also complained that the court should have admitted the testimony of Dr. McLeod, the railroad physician who first treated the plaintiff. We have repeatedly held that a physician is incompetent to testify against his patient as to matters learned in his professional capacity, and the court properly excluded this evidence. Therefore, on direct appeal, the judgment will be affirmed.

The appellee filed a cross-appeal, in which he insists that the judgment shall be for seven hundred and twenty dollars, instead of for three hundred and sixty dollars, as rendered by the jury. There is no dispute as to length of time that the plaintiff was under the disability, and at the rate provided by the policy the amount would be seven hundred and twenty dollars, the amount sued for, instead of three hundred and sixty dollars, the verdict rendered by the jury. The jury verdict establishes liability on the company under the policy, and as there is no dispute as

to the amount due under the terms of the policy, with the liability established, we think the cross-appellant is entitled to have judgment for seven hundred and twenty dollars, rather than for three hundred and sixty dollars; and the judgment on cross-appeal will be reversed, and judgment rendered here for seven hundred and twenty dollars, with interest thereon from the date of the judgment in the court below.

*Affirmed on direct appeal.*
*Reversed and judgment rendered on cross-appeal.*