UNION BANKERS INSURANCE CO. *v.* MAY

No. 40158          May 7, 1956          87 So. 2d 264

*Kenneth I. Franks,* Philadelphia, for appellant.

*Clayton Lewis,* Philadelphia, for appellee.

ROBERDS, P. J.

On September 9, 1954, Union Bankers Insurance Company, appellant, issued to Mrs. Ruby B. May, appellee, an accident and sick benefit insurance policy. On March 14, 1955, Mrs. May underwent a gall bladder operation. On refusal of appellant to pay sick benefits she brought this action. She recovered a verdict for $256.20, and the Insurance Company appeals. Appellant urges, among other things, that the case must be reversed and remanded because of the granting to complainant-appellee of an erroneous instruction. The contention is well taken unless, under the proof, the insured was entitled to a peremptory instruction. We think she was entitled to a directed verdict and that the granting of the erroneous instruction was harmless.

The Insurance Company invokes and relies upon this provision of the policy: "Any loss or disability resulting wholly or partly in or from * * * gall bladder disease shall be covered only if the cause thereof originates after this policy has been in continuous force for the preceding six months". The undisputed proof is that Mrs. May had an acute attack of gall bladder trouble. She testified that the first manifestation, or intimation, that she had of this trouble was on March 13, the day before her operation. There is no dispute, under the evidence, that March 13th was the first outward evidence or manifestation that she had gall bladder trouble. However, her doctor reported that in his opinion the basic cause, from a medical standpoint, originated two or three months before the operation. The question is shall we construe the quoted provision of the policy to become effective from the date the disease first manifested itself to the patient or from the date the medical cause of the disease may have begun or had its orgin? A summary of the rules applicable to these questions is set forth in 45 C. J. S., pages 971 and 972, Sec. 893, in these words: "Inception of disease or disability. Policy provisions precluding recovery for disease or disability originating before a prescribed time have been held to be valid, and such a condition is of the essence of the contract and its fulfillment is a prerequisite to recovery, as where liability is limited to cases where illness begins after issuance of the policy, or at or after a specified period from the date of the policy. Such clauses have been strictly construed against the insurance company, and an illness or disability has been deemed to have its inception when the disease first becomes manifest or active, and not at the earlier time when the medical cause of the disease may have begun or had its origin. Accordingly, such a policy covers losses resulting from illness which first manifests itself after the prescribed period notwithstanding the medical cause thereof ante-

dated such period.'' In many of the states the rule has been adopted that the cause of the disease originates and has its inception, within the meaning of such provisions, when the disease first becomes manifest or active, although the medical cause of the disease might possibly have existed prior to the time of its manifestation. Cohen v. North American Life & Casualty Co., (Minn.) 185 N. W. 939; Fohl v. Metropolitan Life Ins. Co., (Cal.) 129 Pac. 2d 24; American Insurance Co. of Texas v. Brown, (Okla.), 222 Pac. 2d 757. This Court appears to have accepted that rule. In Providence Life & Accident Ins. Co. v. Jemison, 153 Miss. 53, 120 So. 180, this Court said, ''The court charged the jury, for the plaintiff, that by the beginning of the disability of the plaintiff is meant the time when the disease first became manifest or active, and did not mean the time when the medical cause of the disease may have originated or begun. It is urged that this instruction is erroneous, and the proof shows that his system was infected with disease before July 3rd, although the disease became active or manifest only on that date. We think the instruction is a correct pronouncement of the law, and that the court was not in error in giving this instruction.''

Affirmed.

*Lee, Arrington, Ethridge* and *Gillespie, JJ.,* concur.