MUTUAL OF OMAHA INSURANCE COMPANY *v.* WALLEY

No. 43316          February 1, 1965          171 So. 2d 358

*Watkins & Eager,* Jackson, for appellant.

*Zachary & Weldy,* Hattiesburg, for appellee.

JONES, J.

Appellee, Walley, suffering with tuberculosis, sued appellant to recover sickness benefits on a policy which defined "sickness" as follows: "Sickness contracted while this policy is in force and more than 30 days (90 days in case of heart trouble, hernia, tuberculosis or any disease or disorder of the female generative organs) after the Policy Date."

The policy was dated July 2, 1962, so that the ninetieth day would be September 30, 1962. On September 23 appellee suffered a collapsed left lung. He was working at a hospital in Hattiesburg, but when he became sick he called his family doctor, Dr. Moak, at Richton. On September 24 an X-ray was taken and the collapsed lung was found. Thereupon he was sent to the hospital at Hattiesburg for treatment. X-rays were taken on September 24, 25, 26, 28 and 29. Each showed a spot on his right lung, which was first discovered on September 24.

The collapsed lung was recovering and re-inflating, but while treating the collapsed lung, the doctors were testing to discover the reason for the spot. Tuberculosis was one disease suspected but others were not excluded. A skin test was taken and proved negative; a sputum smear was also negative. A sputum culture was then had.

The appellee and his wife each testified that the sputum was gotten at the hospital on September 30. The doctor first thought it was taken October 1, but then admitted that he did not know whether it was obtained while appellee was in the hospital or after he went home. Appellee was discharged from the hospital on September 30, so it was uncontradicted that the sputum was coughed on September 30. However, evidently in an effort to follow the general rule hereafter stated, the court submitted to the jury the question as to whether the disease became manifest or active on

September 30 or October 1. The sputum was used not only for the smear test, but also to culture, which requires several weeks. By culture is meant, as we understand, a process which, if germs are present, causes them to grow and become visible. The spot on the lung, discovered September 24, led to the sputum culture.

On November 13, 1963, it was found that the active germs of tuberculosis were in the sputum obtained September 30. The doctors thereupon testified positively that appellee had active tuberculosis on September 30.

It is evident that the spot on the lung found September 24 was the manifest condition which led to the finding of the active germs in the sputum of September 30.

██ █ The general rule is stated in 29A Am. Jur. *Insurance* § 1156 (1960): "Provisions Relation to Inception of Sickness, Disease, or Disability. — Some insurance policies covering sickness and hospitalization exclude or limit liability in case of a disease originating before a certain time stated in the policy. Such clauses are valid and enforceable. ██ █ In accordance with the general rule that in determining what losses are covered by disease or sickness insurance, uncertain or ambiguous provisions will be construed most favorably to the insured, ██ █ the illness, disease, or disability will ordinarily be deemed to have its inception when it first becomes manifest or active or when there is a distinct symptom or condition from which one learned in medicine can with reasonable accuracy diagnose the disease, so that recovery can be had even though the infection or disease germs were present in the body prior to the expiration of the excluded period, if they were latent, inactive, and perhaps not discoverable." See also, 45 C.J.S. *Insurance* § 893.

The cases of Union Bankers Ins. Co. v. May, 227 Miss. 881, 87 So. 2d 264 (1956) and Provident Life & Accident Ins. Co. v. Jemison, 153 Miss. 53, 120 So. 180 (1929), committed this Court to this general rule.

784

■■ Stress is laid upon the fact there was no definite and positive diagnosis until November 13, 1962, when the 90-day period had passed. However, the condition which led to the final diagnosis and positive proof of tuberculosis became manifest and was found several days prior to the expiration of such period and the sputum containing the active germs was taken before such expiration.

In the case of Mutual Benefit Health & Accident Ass'n. v. Ramage, 293 Ky. 586, 169 S.W. 2d 624 (1940), it was months after the expiration of the exclusion period that doctors saw or examined the insured and discovered that he had tuberculosis. There was a difference of opinion as to whether it was active or manifest before the effective date of the policy as to tuberculosis. The jury there found for the insured on the conflicting expert opinions. However, we quote the following from that case at page 626: ''Under the wording of the policy the disease originates when it becomes active or there exists a distinct symptom or condition from which one learned in medicine can with reasonable accuracy diagnose the disease as tuberculosis.''

In the case now before us the jury returned a verdict for appellee and from the judgment rendered thereon appellant appealed.

Since there was in reality no conflict in the evidence, the lower court should have granted the peremptory instruction requested by appellant. We reverse the case and enter judgment here for appellant.

Reversed and judgment here for appellant.

*Kyle, P. J., and Gillespie, Rodgers and Brady, JJ.,* concur.