BRADY, Justice:
This case is based on a claim for benefits under a group insurance policy issued by appellant to the City of Meridian Police Department. From an order and judgment in favor of the claimant; this appeal is prosecuted.
Under this group policy, certificate number 65 was issued to appellee’s husband, Mr. Leland Williams, covering the appellee as one of his dependents. The effective date of coverage for appellee was November 1, 1964. The appellee claimed benefits for hospitalization from December 11, 1964, to January 8, 1965,- which was necessary for *175 surgery performed on appellee for the excision of ovarian fragments, endometriem implants and adhesions. It is the contention of appellant that the disease, endometriosis, which precipitated the surgery, existed and was discovered in an active stage approximately one and a half months prior to the effective date of appellant’s policy of November 1, 1964. Appellant contends that it was diagnosed as such at that time and that the endometriosis continued and progressed until surgery ultimately resulted.
It was stipulated between the litigants that the aggregate of appellee’s claim was $1,237.92, less $500 which had already been paid by appellant, leaving the balance, if any, owed to appellee of $737.92. It was further stipulated that only one witness would be examined by either of the parties, namely, Dr. John Lindley, the physician who treated appellee. On October 27, 1966, the court, sitting without a jury, awarded appellee $737.92.
Dr. John E. Lindley first saw appellee on September 22, 1964, at which time he found an oval mass in the right posterior pelvis, which was diagnosed as endometriosis. The appellee was seen again on October 6, 1964, at which time the same mass was present but was smaller and less tender. The diagnosis was still endometriosis. When he saw appellee again on December 11, the mass on the right side was still present, but he also discovered another mass on the left side. The mass on the left side was of the same type as that which had existed in September on the right side and was considered a continuing process of the endome-triosis. On December 13, 1964, appellee was admitted to the hospital, and surgery was performed on December 15. Hospitalization was necessary for a week or ten days until she was discharged on January 8, 1965.
The record discloses that a hysterectomy was performed on appellee prior to September 22,1964, the date she was first examined by Dr. Lindley.
There is one basic issue in .this cause, namely: Was the illness or condition for which appellee was hospitalized on December 13, 1964, contracted prior to November 1, 1964, the effective date of appellant’s policy? Under the general definitions of the policy we find this language:
GENERAL DEFINITIONS
The following words and phrases shall have the stated meanings when used in .these provisions for dependents insurance for Major Medical Expense Benefits:
“Illness” means a bodily disorder or disease, mental infirmity or bodily injury; all bodily injuries sustained by an individual in a single accident, or all illnesses which are due to the same or related cause or causes shall be deemed one illness.

DEFINITION OF EXCLUDED CHARGES
The following “excluded charges” are specifically excluded from coverage:
All charges which are not specifically included in the definition of eligible charges for personal insurance and in addition any charges:
******
(6) in excess of a payment hereunder of $500 incurred in connection with an illness of the employee contracted prior to the effective date of his personal insurance for Major Medical Expense Benefits unless incurred after a period of three consecutive months or longer, ending after such effective date, during which period he has not incurred any charges which, except for this limitation, would otherwise *176 be eligible charges in connection, with such illness; * * *.
At the outset, the disease or illness from which appellee was suffering was diagnosed as endometriosis or endometrium implant. Dr. Lindley’s explanation of endometriosis establishes that the disease is caused by the menstrual flow going back through the tubes rather than out through the opening of the womb. It is apparent that if appellee had a hysterectomy with removal of the tubes prior to the time she first saw Dr. Lindley, the disease was an antecedent fact to her hysterectomy.
Appellee contends that Dr. Lindley .testified that the mass on the right side which he discovered on September 22 was not present on December 11 when a mass was found on the left side. This conclusion is incorrect because the record discloses that Dr. Lindley did find the mass present on the right side on December 11. The thrust of appellee’s contention is that she had a condition which caused both of said masses, but the condition for which she was operated on was the mass on the left side of her body discovered on December 11, 1964, forty-one days after the effective date of the policy. The appellee therefore urges that the expenses which she claims are expenses in connection with an illness which was contracted on or shortly before December 11, 1964, and not prior to the effective date of the policy. However, the record does not support this contention. Although Dr. Lindley was unable to say for how long a period of time prior to September 22 she had endometriosis, a reasonable interpretation of his testimony is that the disease began prior to the time she had her hysterectomy. The doctor stated that he had no way of knowing exactly when the appellee contracted the illness or ailment. He did say definitely, however, that the disease which produced the mass on the left side was present prior to November 1, 1964.
The general rule is stated in 29A Am.Jur. Insurance section 1156 (1960):
Provisions Relating to Inception of Sickness, Disease, or Disability. — Some insurance policies covering sickness and hospitalization exclude or limit liability in case of a disease originating before a certain time stated in the policy. Such clauses are valid and enforceable. In accordance with the general rule that in determining what losses are covered by disease or sickness insurance, uncertain or ambiguous provisions will be construed most favorably to the insured, the illness, disease, or disability will ordinarily be deemed to have its inception when it first becomes manifest or active or when there is a distinct symptom or condition from which one learned in medicine can with reasonable accuracy diagnose the disease, so that recovery can be had even though the infection or disease germs were present in the body prior to the expiration of the excluded period, if they were latent, inactive, and perhaps not discoverable. Id. at 303 (footnotes omitted).
In Mutual of Omaha Insurance Company v. Walley, 251 Miss. 780, 171 So.2d 358 (1965) we quoted this passage with approval in a similar situation. In Walley, the tuberculosis was not positively diagnosed until after a ninety day exclusionary period had passed. It was shown, however, that “the condition which led to the final diagnosis and positive proof of tuberculosis became manifest and was found several days prior to the expiration of such period * * * ” and benefits were therefore denied. Id., at 784, 171 So.2d at 360. See also Union Bankers Ins. Co. v. May, 227 Miss. 881, 87 So.2d 264 (1956).
In the case at bar, as in Walley, supra, there was a distinct condition from which one learned in medicine could, and did, diagnose the disease prior tO' the effective date of appellee’s insurance coverage. That *177 condition was the mass on appellee’s right side which the doctor discovered on September 22, 1964, and which led to his positive diagnosis of endometriosis at that time. It was manifest and active at least forty days prior to the effective date of the policy, and the proof showed that the mass on .the right, side diminished only slightly in size and sensitivity before the surgery. It spread to the left side and necessitated the operation.
In Union Bankers Insurance Company v. May, supra, we said:
(A) n illness or disability has been deemed to have its inception when the disease first becomes manifest or active, and not at the earlier time when the medical cause of the disease may have begun or had its origin. Id. at 884, 87 So.2d at 265, quoting 45 C.J.S. Insurance § 893 at p. 972 (1946).
In the case at bar the record conclusively discloses that the disease of endometriosis was active and manifested itself as early as September 22, 1964, when it was diagnosed as such. The proof likewise shows that this disease continued to progress until surgery was performed on December 15, 1964. The stern fact remains that appellant’s policy was not effective until November 1, 1964. The rights of appellee and appellant are contractual and are governed by. the conditions and terms of the policy. If the illness or disease existed prior to the time the policy became effective, the appellee has been paid all that she was entitled to, namely, the $500 which appellant was required to give appellee under the terms of her policy.
We are forced to conclude that appellee’s bodily disease or illness having been contracted on September 22, 1964, prior to the effective date of the policy of November 1, 1964, appellee’s claim is not covered under the policy. The lower court evidently felt that since the mass on the left side was found subsequent to November 1, the appel-lee was covered by the policy. To so con-elude was error under the facts of this case and under the authorities cited.
For the foregoing reasons the judgment of the lower court is reversed and judgment entered here for appellant.
Reversed and judgment here for appellant.
GILLESPIE, P. J., and JONES, INZER and ROBERTSON, JJ., concur.