PATTERSON, Justice.
This is an appeal from the Circuit Court of Prentiss County wherein a judgment was entered against Girard Life Insurance Company in the amount of $820.95 in favor of Mrs. Myrtle Quay Spain.
The suit was predicated on a claim for hospital and medical expenses allegedly due the plaintiff under a contract of insurance issued by the defendant. On May 27, 1965, Mrs. Spain purchased a hospital and surgical expense insurance policy from an agent of Girard. On October 9, 1965, Mrs. Spain entered the hospital where she was treated for inflammatory arthritis over a thirty-three-day period. After her release, she submitted a claim under the policy for *376 medical expenses incurred. The insurance company refused to honor the claim, contending that the policy did not allow recovery of hospitalization expenses resulting from a disease pre-existing the issuance of the policy.
The pertinent provision of the policy is:
Girard Life Insurance Company of America hereby insures Myrtle Q. Spain, the applicant, named in the application herefor, hereinafter called the insured, and will pay, subject to all exceptions, provisions, exclusions and limitations herein contained, the benefits provided herein for expense of hospital confinement commencing while this policy is in force, and other specified expenses incurred while this policy is in force, on account of the insured and dependent members of the insured’s family, if any, named in the application and * * * (b) resulting from sickness or disease contracted and commencing while this policy is in force as to the person whose sickness or disease is the basis of claim and more than fifteen days after the effective date hereof * * *
In the application for insurance the ap-pellee stated that she was in good health, free from any physical defects, and had never had arthritis or any of the other diseases set forth. She further agreed that the falsity of any answer would bar her right of recovery under the policy if such answer materially affected either the acceptance of the risk or the hazard assumed by the company.
The personal physician of the appellee, Dr. Galloway, testified that on May 4, 1965 (twenty-three days prior to the purchase of the insurance), he had treated the appellee for an arthritic condition, and his report on that date indicated that she was “aching and hurting all over, and had swollen joints.” During the testimony there was introduced the medical history of the ap-pellee which was submitted by him to the hospital on the date which she entered and this report categorically states that the ap-pellee had suffered from rheumatoid arthritis and osteo arthritis for several years preceding the policy.
We are of the opinion that paragraph (b), supra, is unambiguous and explicitly excludes recovery for hospitalization expenses resulting from a disease or illness having its inception prior to the expiration of fifteen days from the effective date of the policy. Prudence Life Ins. Co. v. Cochran, 183 So.2d 830 (Miss.1966); Mutual of Omaha Ins. Co. v. Walley, 251 Miss. 780, 171 So.2d 358 (1965); American Life Ins. Co. v. Barnett, 51 So.2d 227 (Miss.1951).
It is uncontradicted that the arthritis which caused the hospitalization of the ap-pellee commenced several years prior to the issuance of the policy, and therefore, by its terms recovery should not have been allowed. The judgment of the lower court is therefore reversed.
Reversed and rendered.
ETHRIDGE, C. J., and RODGERS, BRADY and SMITH, JJ., concur.