328 So.2d 342 (1976)
FORD LIFE INSURANCE COMPANY
v.
Joe H. SHANNON.
No. 48551.
Supreme Court of Mississippi.
March 16, 1976.
*343 Thomas, Price, Alston, Jones & Davis, Thomas W. Tardy, III, Jackson, for appellant.
Hathorn & Hathorn, Louisville, for appellee.
Before GILLESPIE, C.J., and ROBERTSON and WALKER, JJ.
GILLESPIE, Chief Justice:
Joe H. Shannon recovered a judgment in the Chancery Court of Winston County against Ford Life Insurance Company (Insurer) on an insurance policy. Insurer appealed.
Shannon purchased a Ford automobile, and at the same time applied for and received a certificate of group credit life and disability insurance from Insurer. The suit involved the total disability provisions of the policy. The disability benefit provisions of the certificate provide:
If you become continuously and totally disabled during the term stated herein so that you are unable to perform all duties of your occupation or employment as a result of injury sustained or sickness contracted during the term of this certificate, which disability requires you to be treated by a licensed physician, other than yourself, Ford Life will pay, upon receipt of notice in writing of such disability, the monthly benefit stated herein for the period of total disability... .
The policy excluded "injury sustained or sickness contracted for which medical diagnosis or treatment was required within 6 months prior to the effective date of this certificate and which causes a loss within 6 months after such effective date."
The trial court held that because the Insurer did not cancel the contract and make refund of premiums when Shannon made claim for total disability benefits, Insurer waived its defense based on the two foregoing provisions of the policy.
Shannon's physician testified that Insured's disability was due to a condition described as "anxiety depression" which had degenerated because of age, stress and strain. Although the record indicates he had arthritis and ulcers, these ailments were not totally disabling. Notations concerning arthritis and ulcers were recorded in earlier medical reports.[1] As early as November 11, 1967, Shannon was rated 60% disabled as a result of anxiety reaction with depression features, duodenal ulcers, and osteoarthritis. On October 29, 1970, Shannon was diagnosed as having "anxiety reaction with depressive features." His prognosis, on the same date, was poor.
On August 5, 1971, at the Veterans Administration Hospital in St. Louis, Shannon's diagnosis was: "Psychoneurosis, anxiety reaction, with depression." The hospital records show that in November, 1967, he was taking valium for nervousness and that this and other medication were taken over an extended period of time prior to December 15, 1972, the date of the *344 policy. On September 12, 1972, Shannon complained to his physician of being "down in the dumps." He went back to see his physician on November 7, 1972, at which time he was somewhat disorganized and upset over his father's death. He returned to his physician on November 14, 1972, and his condition was unchanged. He was given a prescription.
The case raises the following questions:

1. Did the Insurer waive its defenses by failing to cancel the policy and refund the premium when it denied Shannon's claim?
The total premium was $249.13, which included coverage for life insurance and total disability benefits. There is no reason why the Insurer should cancel the policy merely because a claim was made, that either was not covered by the insuring clauses of the policy, or, was subject to an exclusion. All or nearly all total benefit policies insure only against disability or accident contracted or occurring after a certain date. The Court can take notice of the fact that many policy holders have illnesses that began or were contracted before the effective date of the coverage. There is no reason for the Insurer to cancel the policy and refund premiums because a particular claim is not covered when other insurance coverage remains unaffected. We hold there was no waiver in this case, as held in White v. Standard Life Insurance Co., 198 Miss. 325, 22 So.2d 353 (1945). There is nothing inconsistent in continuing to accept premiums while denying liability for a loss not covered by the policy.

2. Does the proof show that the disability was contracted during the term of the policy?
To recover total disability benefits, Shannon must show that he became totally disabled "as a result of injuries sustained or sickness contracted during the term of this certificate." The proof shows conclusively that the illness resulting in Shannon's disability was contracted before December 15, 1972, the date of the policy. Shannon made the claim for total disability benefits on a form signed by him on August 1, 1973. He stated therein that the period of total disability was from April 5, 1973, and that the disease or injury for which he had been treated was arthritis, ulcers and nerves. As already stated, the record consists of two volumes, the greater part of which is hospital records from Veterans Hospitals, which show that his nervous condition began as early as 1945, that he had been under treatment since 1965, and that he had been diagnosed at various times as having "psychoneurosis, anxiety reaction with depressive symptoms, chronic." At other times, he had been diagnosed as having "depressive neurosis" and "schizophrenia, chronic undifferentiated type." Also, as stated above, he had been treated for arthritis and ulcers.
The diagnoses and treatment continued to within a month of the time the policy was issued. Since the record conclusively shows that the illness, that resulted in Shannon's disability, existed prior to the beginning of the policy term, there was no proof on which to base a judgment for disability benefits. As said in Mutual of Omaha Ins. Co. v. Walley, 251 Miss. 780, 783, 171 So.2d 358, 359 (1965), "Some insurance policies covering sickness and hospitalization exclude or limit liability in case of a disease originating before a certain time stated in the policy. Such clauses are valid and enforceable."
For the reasons stated, the decree of the trial court is reversed and judgment entered here dismissing the suit.
REVERSED AND DISMISSED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.
NOTES
[1] Clinical reports from Veterans Administration Hospitals fill nearly two volumes of the record.