545 So.2d 1 (1989)
STATE of Mississippi (COMPREHENSIVE HEALTH PLAN)
v.
Lisa S. CARPER.
No. 58413.
Supreme Court of Mississippi.
May 31, 1989.
Mike Moore, Atty. Gen. by Charles T. Rubisoff, Sp. Asst. Atty. Gen., Jackson, for appellant.
Omar D. Craig, Oxford, for appellee.
Before HAWKINS, P.J., and PRATHER and ANDERSON, JJ.
HAWKINS, Presiding Justice, for the Court:
This is an appeal from a judgment rendered in the chancery court of Lafayette County on a claim against the State of Mississippi Comprehensive Health Plan and in favor of Lisa Carper, the insured. We affirm the trial court's judgment, but reverse the award of attorney's fees to the insured.

FACTS
The State Fiscal Management Board contracted, effective January 1, 1984, with Blue Cross-Blue Shield of Mississippi, Inc., to administer the comprehensive health plan for state employees. Miss. Code Ann. § 25-15-1, et seq. This plan is a comprehensive health insurance program providing for payment of medical expenses incurred by covered state employees.
Article IV of the Plan details the limitations and exclusions. In pertinent part it reads:
ARTICLE IV
LIMITATIONS AND EXCLUSIONS
Notwithstanding any other provisions of this Contract, benefits will be limited and conditioned as follows:
1. No benefits shall be provided hereunder for services or supplies which are provided:
a. For any pre-existing condition. Pre-existing condition means any ailment, disease, or physical condition which exhibits symptoms at or before the effective date of coverage, regardless of whether the patient knows of the existence or cause of the condition causing abnormal functioning of the body, whether the patient knows the medical explanation for the abnormal *2 functioning, or whether a diagnosis of the condition has been established. No benefits will be provided under this Contract for any pre-existing condition until the patient for whom benefits are sought has had coverage for a period of twelve consecutive months. After twelve consecutive months have elapsed, benefits of this Contract will be provided for Covered Medical Expense for such pre-existing condition... .
Numerous other exclusions follow under this heading including subparagraph (1), which reads:
1. For congenital conditions, except those of a baby born to a covered Employee or Dependent spouse after the effective date of coverage of such parent.
On September 14, 1984, Lisa Carper, who had just graduated that year from high school, began employment with the North Mississippi Retardation Center in Oxford, and became an employee covered by this plan.
Prior to being accepted for employment at North Mississippi Retardation Center, Carper was required to submit to a complete physical examination and upon employment, was required to submit to a yearly complete physical examination on or before the anniversary date of her employment. Carper had physical examinations on or about September 14, 1984, and September 14, 1985, neither of which revealed any physical problems. During her teenage years, Carper had been physically active, participating in such activities in high school as softball, football, cheerleading and bowling. She continued participating in softball and bowling activities after her high school graduation.
In October, 1985, Carper began experiencing headaches, shortness of breath, dizziness and black-out spells. She was hospitalized in the Oxford-Lafayette County Hospital for five days before being transferred to the Baptist Memorial Hospital in Memphis. While in the Memphis hospital she was treated for and underwent surgery for an atrial septal defect, which her physician testified was a congenital heart condition.
Blue Cross paid the medical expenses incurred in Oxford but refused to pay the medical expenses totaling $17,654.12 for her Memphis treatment necessitated by her heart condition.
Carper sued in the chancery court of Lafayette County, and each side made motions for summary judgment. The facts appear to have been as fully developed on these motions as they would have been at a hearing on the merits.
The chancellor granted summary judgment in favor of Carper based upon his finding that the contract was ambiguous, and therefore should be construed in favor of Carper. In his view the contract equated congenital defects under subparagraph (1) with pre-existing conditions under subparagraph (a).
The State has appealed, assigning the following errors:
I. THE CHANCELLOR ERRED IN FINDING THAT CARPER'S CONDITION MET THE HEALTH PLAN'S DEFINITION OF PRE-EXISTING CONDITION.
II. THE CHANCELLOR ERRED IN FINDING THAT THE HEALTH PLAN CONTAINED AMBIGUOUS TERMS AND IN HIS CONSTRUCTION OF SUCH TERMS.
III. THE CHANCELLOR ERRED IN AWARDING ATTORNEY'S FEES TO CARPER.
IV. THE CHANCELLOR ERRED IN OVERRULING THE STATE'S MOTION TO TRANSFER TO CIRCUIT COURT.

LAW
We combine Assignments I and II.
The record is clear  in fact without dispute  that on September 14, 1984, the date she became insured, Carper had no heart problem, insofar as she knew.
Long ago, in interpreting health insurance policies which excluded coverage on physical conditions or diseases which *3 preceded the effective date of the policy, we held that such disease or condition would have had to manifest itself in some way to the insured in order for the insurer to deny coverage. Not only must the physical condition or disease exist prior to the effective date of coverage under such an exclusion, it was also necessary for the insurer to show a manifestation of it to the insured prior to date of becoming insured. Provident Life & Accident Ins. Co. v. Jemison, 153 Miss. 53, 59, 120 So. 180, 182 (1929); see also, Blue Cross & Blue Shield of Miss., Inc. v. Mosley, 317 So.2d 58, 61 (Miss. 1975):
[T]he ailment or disease will ordinarily be deemed to exist when a distinct symptom, ailment or condition manifests from which a doctor can with reasonable accuracy diagnose the disease ...
The same rationale applies with even more force to a "congenital condition." Medical dictionaries define "congenital" as:
existing at, and usually before, birth; referring to conditions that are present at birth, regardless of their causation.
Sloane-Dorland Annotated Medical-Legal Dictionary, (1987).
Existing at birth, referring to certain mental or physical traits or peculiarities, malformations, diseases, etc.; may be either hereditary or due to some influence occurring during gestation, even up to the moment of birth.
Stedman's Medical Dictionary, (5th Unabridged Lawyer's Ed., 1982).
If we carried the argument of the State to its logical conclusion, we would threaten coverage to an overwhelming majority of the people covered under group health insurance policies. How many diseases or physical conditions do not in whole or in part arise from inherited factors, yet the insured be completely asymptomatic? Nat'l Life & Acc. Ins. Co. v. Miller, 484 So.2d 329 (Miss. 1985); Blue Cross & Blue Shield of Miss., Inc. v. Mosley, supra; Peerless Ins. Co. v. Myers, 192 So.2d 437 (Miss. 1966).
Carper's condition having in no way manifested itself to her prior to the effective date of coverage, we hold the exclusion for "congenital conditions" under subparagraph (1) does not apply. See, Ross v. Western Fidelity Ins. Co., No. 872 F.2d 665 (5th Cir.1989).
As to the award of attorney's fees, the chancellor erred. There was no statutory or contractual basis upon which to base such award. See, Aetna Cas. & Surety Co. v. Steele, 373 So.2d 797 (Miss. 1979); Cooper v. United States Fidelity & Guar. Co., 186 Miss. 116, 188 So. 6 (1939).
Because we are affirming on liability, we do not address the assignment that the chancellor erred in refusing to transfer this cause to circuit court. Miss. Const., Art, 6, § 147 (1890).
AFFIRMED ON LIABILITY; REVERSED AND RENDERED ON AWARD OF ATTORNEY'S FEES.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.
PITTMAN, J., not participating.