599 So.2d 963 (1992)
Kenneth William WHEAT
v.
STATE of Mississippi.
No. 89-KA-0739.
Supreme Court of Mississippi.
April 22, 1992.
Rehearing Denied June 17, 1992.
*964 Stephen B. Bright, Atlanta, Ga., Robert McDuff, New Orleans, La., Gail D. Nicholson, Nicholson & Nicholson, Gulfport, for appellant.
Michael C. Moore, Atty. Gen., Marvin L. White, Jr., Asst. Atty. Gen., Charlene R. Pierce, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
HAWKINS, Presiding Justice, for the Court:
Kenneth William Wheat has appealed an order of the circuit court of Harrison County denying his petition for a writ of habeas corpus to prohibit his retrial on the sentencing phase of his capital murder trial. We affirm.

FACTS
Wheat was indicted by the grand jury of the First Judicial District of Harrison County under two true bills for the capital murder of Joseph M. Mayer and his wife, Teresa C. Hayes Mayer.
The defendant was tried first for the murder of Mrs. Mayer and the jury imposed a life sentence as it was authorized to do under Miss. Code Ann. § 99-19-101 (Supp. 1979). This conviction was affirmed on appeal. Wheat v. State, 435 So.2d 1180 (Miss. 1983).
Subsequently he was tried for the murder of Mayer and the jury imposed the death sentence. Miss. Code Ann. § 99-19-101 (Supp. 1979). This conviction was affirmed in Wheat v. State, 420 So.2d 229 (Miss. 1982), and his petition for post-conviction relief denied in Wheat v. State, 431 So.2d 486 (Miss. 1983). Wheat then filed a habeas corpus petition in the United States District Court for the Southern District of Mississippi, which was granted to the extent of his sentence to death. The District Court found error in the prosecuting attorney's final argument to the jury. The prosecuting attorney had made a "you do not have the final word" argument to the jury if it chose to sentence him to death, a type of argument condemned by the U.S. Supreme Court in Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). The judgment of the District Court was affirmed by the United States Court of Appeals, Wheat v. Thigpen, 793 F.2d 621 (5th Cir.1986), certiorari was denied by the U.S. Supreme Court, Thigpen v. Wheat, 480 U.S. 930, 107 S.Ct. 1566, 94 L.Ed.2d 759 (1987), and the cause remanded to the circuit court of the First Judicial District of Harrison County for a sentencing hearing by a jury impaneled to determine whether Wheat should be sentenced to death or life imprisonment. The facts detailed in these decisions need not be repeated here.
On September 7, 1988, Wheat filed in the circuit court a "Petition for a Writ of Habeas Corpus Dismissing Death Penalty Proceedings, or, In the Alternative, Motion to Bar Prosecution as a Violation of Defendant's Rights Against Double Jeopardy," in which he claimed the State was barred from seeking the death penalty. He contended the State was barred because:
(1) the jury in the trial for the capital murder of Mrs. Mayer had sentenced him to life imprisonment, and

*965 (2) the argument of the prosecuting attorney in the trial of Mr. Mayer was intended or indifferent to subjecting Wheat to successive death penalty trials.
By order of September 28, 1988, the circuit court overruled the petition.
Wheat immediately filed a motion with the court styled, "Motion to Hold Proceedings in Abeyance Pending Final Disposition, Including Appellate Review, of Double Jeopardy Claim."
By order entered October 18, 1988, the circuit judge sustained this motion, and Wheat has appealed the order overruling his petition.

LAW
It is indeed dubious whether an appeal is authorized from the circuit court order of September 28, 1988, overruling Wheat's petition. The State, however, made no objection, and under our limited holding in Harden v. State, 460 So.2d 1194 (Miss. 1984), we entertain it as an appeal from a denial of a petition for a writ of habeas corpus.

I. DOUBLE JEOPARDY
Wheat's double jeopardy claim was raised on his direct appeal and petition for post-conviction relief, which was decided adversely to him. Wheat, 420 So.2d at 239; Wheat, 431 So.2d at 486. He is now foreclosed from raising this issue in this Court. Culberson v. State, 580 So.2d 1136, 1138 (Miss. 1991); Jordan v. State, 518 So.2d 1189 (Miss. 1987); Jordan v. State, 464 So.2d 475, 480 (Miss. 1985). While unnecessary for our holding, it should also be noted that Wheat raised the same issue as well in his U.S. District Court petition for habeas corpus, Wheat v. Thigpen, No. S83-0390(N), which was rejected by that court, and the issue was not raised in Wheat's appeal to the Circuit Court of Appeals.

II. PROSECUTORIAL MISCONDUCT
Wheat claims that the district attorney "deliberately made an improper and impermissible closing argument," one that "was so clearly impermissible and prejudicial that the prosecution knew or should have known that it was improper and likely to produce either a mistrial or reversal, thereby subjecting Mr. Wheat to successive prosecutions." (Appellant's Brief, p. 21)
The content of the closing argument is set forth in Wheat v. Thigpen, 793 F.2d 621, fn. 7, (1986), and needs no repetition here. The district attorney told the jury that its verdict was not final, and by outlining the process of appeal to this Court and federal court review, told the jury that if a mistake was made, the Mississippi Supreme Court, or the United States Supreme Court, or another federal court would send it back for a new trial. In his direct appeal to this Court, Wheat did not assign the above argument as error.
This case is controlled by Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). In order to prevail on this kind of error, it is incumbent upon an appellant to show that the prosecution by its argument "intended to `goad' the defendant into moving for a mistrial," or "intended to provoke the defendant into moving for a mistrial." (Emphasis added) 456 U.S. at 673, 102 S.Ct. at 2088.
The closing argument in this case, while held to be an error mandating retrial on the sentencing of Wheat, comes nowhere near meeting the Oregon v. Kennedy standard.
The order of the circuit court overruling the petition for habeas corpus is accordingly affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, BANKS and McRAE, JJ., concur.
PITTMAN, J., not participating.